IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEAMATIC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  16-CV-1431 |
| | ) | |
| JJF & C, LLC, a Missouri LLC, JAMES J. | ) | JURY TRIAL DEMANDED |
| FINN and KEVIN FINN, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Steamatic, Inc. ("Steamatic"), by and through its undersigned attorneys, hereby brings the following Verified Complaint for Damages and Injunctive Relief against Defendants JJF&C, LLC ("JJF & C"), James J. Finn, and Kevin Finn (collectively "Defendants"[1]), and in support thereof alleges as follows:

## THE PARTIES

1.      Plaintiff Steamatic is and at all relevant times was a Texas corporation with its principal place of business in Fort Worth, Texas.  Steamatic is a franchisor of Steamatic franchises across the United States, including franchises in Missouri and Illinois.  It has had a franchise in St. Louis since at least the 1980s.

2.      Upon information and belief, Defendant JJF & C is and at all relevant times was a Missouri limited liability company with its registered address in Clayton, Missouri and doing business in St. Louis, Missouri.  Defendant JJF & C is a former franchisee of Steamatic.

3.      Upon information and belief, Defendant James J. Finn is and at all relevant times was an individual residing in Missouri and is the majority member of Defendant JJF & C.

---

[1] When used in the separate Counts below, the term "Defendants" means the Defendants named in those counts.

4.      Upon information and belief, Defendant Kevin Finn is an individual residing in Missouri, is the son of Defendant James J. Finn and, at all relevant times, was the President of Defendant JJF & C and a member of Defendant JJF & C.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.  In addition, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 in that two of of the claims herein arise under federal law, and the Court has supplemental jurisdiction over the remaining claims.

6.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in this District.

## FACTS

**A.      The Parties' Agreements.**

7.      Steamatic is the franchisor of a thriving international franchise system in the carpet cleaning, duct cleaning, and property restoration industries.

8.      On April 18, 2005, Defendant JJF & C became a Steamatic franchisee when a previous Steamatic franchisee transferred its Steamatic franchise to Defendant JJF & C.  A true and accurate copy of the Release and Consent to Transfer Agreement between the previous Steamatic franchisee, Steamatic, and JJF & C is attached hereto as **Exhibit A**.

9.      On April 18, 2005, Defendant JJF & C entered into a Franchise Agreement and related agreements with Steamatic ("Franchise Agreement").  A true and accurate copy of the Franchise Agreement is attached hereto as **Exhibit B**.

10.     In the Franchise Agreement, Defendant JJF & C acknowledged that it made a capital investment in order to "obtain the right to the utilization of [the Steamatic System], trademarks, service marks, and technology and business format of Steamatic under the conditions hereinafter described."  Exh. B at p. 1.  Defendant JJF & C acknowledged that the consideration it received in connection with the Franchise Agreement was satisfactory and accurate.  Id.

11.     Simultaneously with the execution of the Franchise Agreement, Defendant JJF & C executed an Amendment to Steamatic Equipment Lease which amended the Equipment Lease with the previous franchisee to substitute Defendant JJF & C as the lessee under the Equipment Lease.  A true and accurate copy of the Lease is attached hereto as **Exhibit C**.

12.     The Equipment that Defendant JJF & C leased from Steamatic at that time is itemized in the schedule attached to the Amendment To Steamatic Equipment Lease.  See Exh. C, Schedule 1.

13.     The Amendment to Steamatic Equipment Lease provided that the term of the Lease was co-extensive with the term of the Franchise Agreement.  Exh. C.  The Equipment Lease provided that Defendant JJF & C would be deemed to be in default of the Equipment Lease if it defaulted under the terms of the Franchise Agreement.  Exh. C.

14.     Upon termination of the Equipment Lease, Defendant JJF & C was required to:

> [I]mmediately cease to use the Equipment and … ship all Equipment to Steamatic, at Steamatic's corporate offices, in the same operating order, repair, condition, and appearance as on the date [t]herof, reasonable wear and tear excepted.  Lessee shall prepare the Equipment for shipment and bear all costs incurred in such preparation.  Steamatic shall be responsible for the reasonable shipping costs incurred in the transportation of the Equipment.

15.     In the Franchise Agreement, Defendant JJF & C agreed that Steamatic was the owner of the trademark "STEAMATIC®" and other trademarks, service marks, and logos used in connection with the performance of cleaning services.  The "Steamatic Marks" means and includes the registered mark "STEAMATIC®" and such other trademarks, service marks, and logos listed in Exhibit A to the Franchise Agreement.  ("Steamatic Marks").  Exh. B at p. 1.

16.     Defendant JJF & C also agreed that Steamatic had "developed technology that includes the use of equipment and processes and information, some of which is patented and some of which embodies confidential, proprietary and trade secret information belonging to Steamatic which is used in the performance of cleaning and restoration services…."  Id.

17.     Steamatic granted Defendant JJF & C a Steamatic franchise under the Franchise Agreement, which allowed Defendant JJF & C to use the Steamatic Marks and Steamatic System in connection with operating the franchise in an exclusive territory granted to JJF & C which included: In the State of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson, and Franklin.  In the state of Illinois: Jersey, Madison, Clinton, St. Clair and Monroe counties (the "Territory").

18.     Steamatic agreed that it would not "grant another Steamatic franchise in the Territory during the term of [the] Agreement and any renewal thereof."  Exh. B at p. 3, ¶ 2.1.

19.     JJF & C agreed that Steamatic was the owner of the Steamatic Marks, and that the Steamatic Marks possessed "substantial goodwill and reputation and connote a certain standard of quality in connection with Steamatic Services."  Exh. B at p. 6, ¶¶ 4.1 and 4.2.

20.     After JJF & C completed Steamatic's training, Defendants came into possession of certain proprietary and confidential trade secrets of Steamatic (collectively "Trade Secrets"), including, but not limited to, Steamatic's Operations Manual, the design, makeup, contents, and

assembly of proprietary chemicals and equipment, software, and training materials.  Exh. B at pp. 7-8, ¶¶ 5.1 and 5.2.

21.     JJF & C agreed that the Steamatic Operations Manual and all other manuals, videos or information in whatever form or media provided by Steamatic contained "valuable, confidential, proprietary, trade secret, and business information of Steamatic."  Id. at ¶ 5.2.

22.     Pursuant to the Franchise Agreement, Defendants were required to keep the Trade Secrets confidential and were only permitted to use the Trade Secrets for the life of the Franchise Agreement.  Id. at ¶ 5.1.

23.     Pursuant to paragraph 8.1 of the Franchise Agreement, upon termination of the Franchise Agreement, JJF & C, James J. Finn, James J. Finn's spouse, any member of James J. Finn's immediate family, which would include Kevin Finn, and any other person identified as a "Designated Person" in the Franchise Agreement were prohibited from the following:

> for a period of two (2) years after (i) termination, expiration, or transfer of all interest in this Agreement, the Franchised Business or as a Franchise Owner, or (ii) with respect to Designated Persons the time the Designated Person ceases to satisfy the definition of Designated Person as set forth in Section 1.6 of this Agreement, neither Franchise Owner nor Franchise Owner's Designated Persons shall in any capacity, in whole or in part, either directly or indirectly, own, engage in or be employed by any business which is in the same or substantially the same business as the business that is the subject of this Agreement or which provides any services similar to Steamatic Services and is located in or provides services in the Territory.

24.     The term "Steamatic Services" as defined in the Franchise Agreement means, inter alia, "the performance of cleaning and restoration services and all related services."  Exh. B at p. 2, ¶ 1.3.

25.     JJF & C agreed to pay Steamatic an initial franchise fee, royalty fees, and other fees and monies for equipment and software during the time it operated as a Steamatic franchisee.  Exh. B at pp. 16-17, ¶¶ 9.1-9.7.

26.     From April 18, 2005 to on or around September 29, 2012, JJF & C operated its Steamatic franchise in the Territory and paid the required fees and royalties to Steamatic.

27.     Beginning on or around September 29, 2012, JJF & C failed to pay certain royalties as well as other fees and expenses due and owing to Steamatic.

28.     The initial term of the Franchise Agreement was from April 18, 2005 to April 18, 2015.

29.     Although the term of the Franchise Agreement expired, by its terms, on April 18, 2015, Steamatic and JJF & C agreed that JJF & C could continue to operate the Steamatic franchise in the Territory pursuant to the Franchise Agreement while the parties attempted to resolve JJF & C's defaults.

30.     From April 18, 2015 to April 14, 2016, Steamatic and JJF & C attempted to negotiate a resolution of the outstanding fees and expenses that JJF & C owed to Steamatic.

31.     As of April 14, 2016, JJF & C owed Steamatic $259,095.49 in royalties, $63,284.57 for supplies, merchandise, fees, and finance charges, and an additional amount of royalties for the time frame of April 30, 2015 to April 14, 2016.

32.     Defendants have failed to provide Steamatic with any gross revenue information on which to calculate any royalties owed to Steamatic from April 30, 2015 to April 14, 2016, nor any time since, despite continuing to use the Steamatic Marks.

### B.      Termination of the Franchise Agreement.

33.      Despite the parties' efforts from April 15, 2015 to April 14, 2016 to attempt to resolve JJF & C's defaults under the Franchise Agreement, the parties have failed to reach an agreement and JJF & C has continued to be in default in violation of the Franchise Agreement.

34.      On April 14, 2016, Steamatic sent JJF & C a notice of default under the terms of the Franchise Agreement for (i) failure to pay when due royalties for those gross revenues reported by JJF & C for the franchised business, (ii) failure to report gross revenues since April 30, 2015, and failure to pay royalties on those gross revenues, and (iii) failure to timely pay for supplies, merchandise, and/or other purchases from Steamatic.  A true and accurate copy of the April 14, 2016 letter is attached hereto as **Exhibit D**.

35.      In the April 14, 2016 letter, Steamatic provided JJF & C with 90 days to cure its defaults.  Id.  If the defaults set forth in the April 14, 2016 letter were not cured by JJF & C within 90 days, Steamatic informed JJF & C that its rights under the Franchise Agreement and all related agreements would be terminated.  Id.

36.      JJF & C failed to cure the defaults set forth in the April 14, 2016 letter.

37.      On July 15, 2016, Steamatic sent JJF & C a letter notifying it that it had failed to cure the defaults set forth in the April 14, 2016 letter and that all of its rights under the Franchise Agreement and all supplements thereto were terminated.  A true and accurate copy of the July 15, 2016 letter is attached hereto as **Exhibit E**

38.      Pursuant to the Franchise Agreement, once the Franchise Agreement is terminated, JJF & C agreed that: (1) it would discontinue the use of the Steamatic Marks; (2) it would not "operate or do business under any name or in any manner that might tend to give the general public the impression" that the Franchise Agreement was still in effect; (3) prepare,

package and deliver to Steamatic all Proprietary Equipment; (4) return all originals and copies of the Steamatic Operations Manual, manuals, other written materials, and other materials containing trade secrets or the Steamatic Marks; and (5) return to Steamatic all of the telephone numbers JJF & C used in connection with its franchise business.  Exh. B at pp. 26-27, ¶ 13.2.

C.      **Defendants' Conduct Since The Termination Of The Franchise Agreement.**

39.     Since JJF & C's Franchise Agreement was terminated on or around July 15, 2016, JJF & C has (1) continued to use the Steamatic Marks, (2) continued to operate its business using the Steamatic Marks, (3) failed to pay the amounts due and owing Steamatic, (4) failed to return any equipment, manuals, or any materials containing Steamatic's trade secrets, and (5) failed to return to Steamatic the telephone numbers that JJF & C used in connection with its franchise business.

40.     Although Defendants were allowed to operate their Steamatic franchise after April 15, 2015, Defendants have failed to provide Steamatic with profit and loss statements, balance sheets, and income and expense statements as required by paragraph 12.2 of the Franchise Agreement.

41.     Defendants have failed to report certain gross revenues to Steamatic, failed to provide their 2015 tax return to Steamatic, and failed to provide Steamatic with an updated certificate of insurance in violation of paragraphs 9.2, 12.2, and 16.2.

42.     Also, upon information and belief, since July 15, 2016, Defendants obtained the website address "www.steamaticstl.com" in violation of paragraph 4.6 of the Franchise Agreement wherein JJF & C agreed it would "not register an internet address or establish a website which shall include the words 'Steamatic®'."  Exh. B at p. 6, ¶ 4.6.

43.     Upon information and belief, Defendants have continued to use the Steamatic Marks and used the website address "www.steamaticstl.com" to help divert customers to a newly opened business named St. Louis Cleaning and Restoration.  Indeed, as of September 6, 2016, when a person goes to www.steamaticstl.com, the following message appears:

> **Steamatic**
>
> **You have reached the website that was formerly SteamaticSTL Cleaning and Restoration. We are now St Louis Cleaning and Restoration and are no longer affiliated with Steamatic in any way.**
>
> **You may choose to leave this page or you will automatically be re-directed to stlouiscleaningandrestoration.com in 15 seconds. You may also click the button below to visit our new website.**

44.     If a person views the website www.steamaticstl.com, it takes approximately 15 seconds before the viewer is automatically redirected to Defendants' new business website at www.stlouiscleaningandrestoration.com.

45.     On or about August 20, 2016, Defendants registered a new business called St. Louis Cleaning and Restoration, which they own and operate at the same address and in the same building where they previously operated their Steamatic franchise at 10550 Kahlmeyer, St. Louis, Missouri 63132.  A true and accurate copy of the Registration of Fictitious Name for St. Louis Cleaning and Restoration filed on August 30, 2016 is attached hereto as **Exhibit F.** Defendants, however, continue to use the Steamatic Marks in connection with St. Louis Cleaning and Restoration.

46.     The website for St. Louis Cleaning and Restoration states:

> We're now called St. Louis Cleaning and Restoration (formerly Steamatic of St. Louis)! **Same Company, Same Employees, Same Owners, Just a Different Name.**

A true and accurate copy of the website for St. Louis Cleaning and Restoration which describes the cleaning and restoration services it provides is attached hereto as **Exhibit G**.

47.     St. Louis Cleaning and Restoration does the same or substantially the same type of business as the business that was the subject of the Franchise Agreement, and it provides services that are the same or similar to the Steamatic Services that Defendants performed while they operated their Steamatic franchise.  See Exh. E.

48.     Defendants also have Facebook, LinkedIn, and Twitter accounts wherein they still have posts containing Steamatic's marks.   A true and accurate copy of the pages of the Facebook, LinkedIn, and Twitter accounts for St. Louis Cleaning and Restoration are attached hereto as **Exhibit H**.

49.     On July 26, 2016, Defendants, through counsel, sent a letter to counsel for Steamatic.  A true and accurate copy of the July 26, 2016 letter is attached hereto as **Exhibit I**.  In that letter, Defendants acknowledge Steamatic's termination of the Franchise Agreement, and they acknowledge receipt of Steamatic's "demand to debrand, and their good faith acknowledgement, and intention to do so."  Exh. I.

50.     Nowhere in the July 26, 2016 letter do Defendants state that they have registered the website www.steamaticstl.com, that they were going to continue to use that website, or that they were preparing to open and begin operating St. Louis Cleaning and Restoration and use Steamatic's name and good will through www.steamaticstl.com to divert customers to the website for Defendants' new business St. Louis Cleaning and Restoration.

51.     On August 26, 2016, Steamatic responded to Defendants' July 26, 2016 letter and provided them the information they requested.  A true and accurate copy of the August 26, 2016 letter is attached hereto as **Exhibit J**.[2]

52.     On August 30, 2016, Defendant Kevin Finn informed Steamatic that it had a "potential buyer" for the Steamatic franchise and had been working with that "potential buyer" for eight weeks.  A true and accurate copy of Defendant Kevin Finn's August 30, 2016 e-mail is attached hereto as **Exhibit K**.  Nowhere in the August 30, 2016 e-mail did Defendants inform Steamatic that it was preparing to operate a nearly identical business to their Steamatic franchise in the Territory.  The "potential" franchisee referred to in the August 30, 2016 e-mail never contacted Steamatic at any time, even though Defendant Kevin Finn stated that the "potential" franchisee was willing to sign a franchise agreement.  Id.

53.     Steamatic has begun marketing for a new Steamatic franchisee in the Territory. Defendants' operation of a business nearly identical to its Steamatic franchise business and their continued use of the marks are a detriment to Steamatic's efforts.

54.     In fact, while Defendants operate their new business, St. Louis Cleaning and Restoration, out of the same building they operated their Steamatic franchise, Steamatic's marks are still prominently displayed on a large truck parked at that building.  A true and accurate picture taken the morning of September 7, 2016 of a truck parked at 10550 Kahlmeyer, St. Louis, Missouri 63132 – the same address of St. Louis Cleaning and Restoration – is attached hereto as **Exhibit L**.

55.     Upon information and belief, Defendants James J. Finn and Kevin Finn own another company called Finnteriors.  Finnteriors offers, *inter alia*, several interior/exterior

---

[2] Only Tab 2 to the August 26, 2016 letter is included in Exhibit J.  The other tabs to that letter are already exhibits to this Verified Petition.

construction services, such as remodeling services, painting, roofing, deck building, and commercial construction.  See http://fcspros.com.

## COUNT I
### (Temporary Restraining Order and Preliminary and Permanent Injunction – Against All Defendants)

56.     Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

57.     By virtue of the foregoing, Steamatic has demonstrated a substantial likelihood that it will eventually prevail on the merits of its claims in this Complaint and that a balancing of the equities favors the issuance of a temporary restraining order and/or an injunction against Defendants.

58.     Unless Defendants are enjoined from the foregoing conduct, Steamatic will be immediately and irreparably harmed by Defendants' continued use of Steamatic's Marks and use of its goodwill, and Defendants' continued use of Steamatic's confidential information which Defendants agreed to return promptly after the termination of the Franchise Agreement, and its operation of St. Louis Cleaning and Restoration in violation of the restrictive covenant in the Franchise Agreement.

59.     Steamatic has no adequate remedy at law.

60.     Steamatic has been and continues to be irreparably harmed by Defendants' breaches of the Franchise Agreement and the restrictive covenant therein.

61.     Prior to filing suit, Steamatic made numerous attempts to resolve the parties' dispute.

62.     On or about September 1-2, 2016, Steamatic first learned that Defendants were using the website www.steamaticstl.com to operate and divert business to St. Louis Cleaning and Restoration, a nearly identical business to their Steamatic franchise business, in the Territory.

63.     Unless the requested temporary, preliminary, and permanent injunctions are issued, Steamatic will continue to suffer irreparable harm due to Defendants' violations set forth herein.

64.     If injunctive relief is not granted, the harm to Steamatic will outweigh any harm to Defendants.

65.     Public policy will be served by the entry of the requested injunctive relief as it will promote the public policy of enforcing contractual rights and obligations, and avoiding confusion in the marketplace.

66.     Steamatic submits that no bond is necessary to support the requested temporary and preliminary injunctions because Defendants will merely be required to honor the terms of the Franchise Agreement.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.      from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St.

Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.     from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.     from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and files used or developed in the Defendants' Steamatic franchise business;

4.     from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.     from withholding assignment of the telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

## COUNT II
### (Breach of Contract – Restrictive Covenant – Against All Defendants)

67.     Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

68.     Pursuant to paragraph 8.1 of the Franchise Agreement, upon termination of the Franchise Agreement, JJF & C, James J. Finn, James J. Finn's spouse, any member of James J. Finn's immediate family, which would include Kevin Finn, and any other person identified as a "Designated Person" in the Franchise Agreement were prohibited from the following:

> for a period of two (2) years after (i) termination, expiration, or
> transfer of all interest in this Agreement, the Franchised Business
> or as a Franchise Owner, or (ii) with respect to Designated Persons

the time the Designated Person ceases to satisfy the definition of Designated Person as set forth in Section 1.6 of this Agreement, neither Franchise Owner nor Franchise Owner's Designated Persons shall in any capacity, in whole or in part, either directly or indirectly, own, engage in or be employed by any business which is in the same or substantially the same business as the business that is the subject of this Agreement or which provides any services similar to Steamatic Services and is located in or provides services in the Territory.

69.     Defendants have breached and continue to breach this provision by owning and operating St. Louis Cleaning and Restoration, which is a company that is in the same or substantially the same business as the business that was the subject of the Franchise Agreement.

70.     Indeed, the website for St. Louis Cleaning and Restoration states:

We're now called St. Louis Cleaning and Restoration (formerly Steamatic of St. Louis)! **Same Company, Same Employees, Same Owners, Just a Different Name.**

71.     As a direct result of Defendants' conduct, Steamatic has lost and/or is imminently threatened with the loss of clients, business, and goodwill, and clients, business, and goodwill will continue to be wrongfully diverted to Defendants' new business if immediate, preliminary, and permanent injunctive relief is not granted.

72.     Steamatic has performed all of its obligations under the Franchise Agreement.

73.     Defendants' conduct has also caused, and will continue to cause, damages to Steamatic.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.      from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.      from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.      from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and files used or developed in the Defendants' Steamatic franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of the telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT III
**(Breach of Contract – Personal Guaranty Against James J. Finn)**

74.    Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

75.    Defendant James J. Finn executed a Guaranty and Assumption of Obligations wherein he agreed to "guarantee to Steamatic and its successors and assigns, for the term of the Franchise Agreement and thereafter as provided in the Franchise Agreement, that [JJF & C] shall punctually pay and perform each and every undertaking, agreement, and covenant set forth in the Agreements."   A true and accurate copy of the Guaranty is attached as Exhibit H to Franchise Agreement (Exh. B attached hereto).

76.    Defendant James J. Finn also agreed to be "personally bound by, and personally liable for the breach of each and every provision in the Agreements."  Id.

77.    Defendant James J. Finn also agreed to abide by the covenants, representations, and agreements of Designated Persons set forth in the Franchise Agreement, and agreed to be "obligated to perform thereunder as if [James J. Finn] had been a party to the Franchise Agreement.

78.    James J. Finn is liable and responsible for the breaches and claims set forth in this Complaint.

79.    James J. Finn has not remedied any of the breaches set forth in this Complaint, and he has failed to abide by all of the covenants, representations, and agreements set forth in the Franchise Agreement.

80.    James J. Finn's breach of the Guaranty and Assumption of Obligations has caused and continues to cause Steamatic damages.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.      from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.       from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.      from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and filed used or developed in the franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT IV
### (Breach of Contract – Royalties and Equipment –
### Against Defendants JJF & C and James J. Finn)

81.     Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

82.      Pursuant to paragraphs 7.10 and 9.2 of the Franchise Agreement and the Guaranty, Defendants JJF & C and James J. Finn agreed to provide Steamatic with its gross revenues, and to pay Steamatic royalties on gross revenues, and for equipment, supplies, merchandise, and other purchases from Steamatic.

83.     Defendants JJF & C and James J. Finn have breached and continued to breach the Franchise Agreement by failing to provide Steamatic with its gross revenues for certain time periods, and by failing to pay Steamatic for amounts due and owing Steamatic.

84.     Defendants have also breached the Franchise Agreement by failing to provide their 2015 tax return to Steamatic, and failing to provide Steamatic with an updated certificate of insurance in violation of paragraphs 9.2, 12.2, and 16.2.

85.     As a result of Defendant JJF & C's and James J. Finn's breaches alleged herein, Steamatic has been damaged.

86.     Steamatic has performed all of its obligations under the Franchise Agreement.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents,

servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.      from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.      from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.      from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and files used or developed in the Defendants' Steamatic franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of the telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount

awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT V
### (Breach of Contract – Steamatic's Marks and The Website – Against Defendants JJF & C and James J. Finn)

87.     Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

88.     Defendant JJF & C and James J. Finn had certain post-termination obligations under paragraph 13.2 of the Franchise Agreement.  In addition, in paragraph 4.6 of the Franchise Agreement, Defendant JJF & C and James J. Finn were prohibited from registering an internet address or establishing a website using the word "Steamatic®".

89.     Defendant JJF & C and James J. Finn have breached several of those post-termination obligations by:

     a.     failing to discontinue the use of the Steamatic Marks;

     b.     failing to return all of Steamatic's proprietary equipment;

     c.     failing to return the Steamatic Operations Manual, any other written materials, software, accounting programs, and other material furnished by Steamatic to Defendants that contain trade secrets and confidential information;

     d.     failing to transfer to Steamatic the telephone numbers used by the Defendants when operating their Steamatic franchise; and

     h.     registering the website www.steamaticstl.com in violation of paragraph 4.6 of the Franchise Agreement.

90.     Steamatic has performed all of its obligations under the Franchise Agreement.

91.     Defendants' breaches of the post-termination provisions of the Franchise Agreement as well as paragraph 4.6 of the Franchise Agreement has caused, and will continue to cause, irreparable injury to Steamatic.

92.     Steamatic has not adequate remedy at law.

93.     Defendants' conduct has also caused, and will continue to cause, damages to Steamatic.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.     from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.     from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.     from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise

22

Agreement, including, but not limited to, all client information and files used or developed in the Defendants' Steamatic franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of the telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

**COUNT VI**
**(Unjust Enrichment/Quasi Contract –**
**Against Defendants JJF & C and James J. Finn)**

94.     Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

95.     Steamatic has delivered certain supplies, equipment, and merchandise to Defendants, and Steamatic has provided Defendants with certain Trade Secrets.  Defendants have also operated as a Steamatic franchisee under the Franchise Agreement until in or around July 15, 2016, which entitled Steamatic to royalties pursuant to the Franchise Agreement.

96.     Defendants have failed to pay for certain supplies, equipment, and merchandise delivered by Steamatic, Defendants have failed to pay certain royalties due and owing Steamatic, and Defendants have failed to return all of Steamatic's Trade Secrets.

97.     There is no justification for Defendants' conduct.

98.     Defendants' conduct described herein has caused Steamatic damages.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.      from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.      from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.      from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and filed used or developed in the franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT VII
### (Misappropriation of Trade Secrets – Against All Defendants)

99.     Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

100.     The confidential information of Steamatic to which Defendants were given access and have failed to return to Steamatic, including the Steamatic Operations Manual, constitutes trade secrets within the meaning of the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.453(4), and the Texas Uniform Trade Secrets Act, § 134A.002(6).   Such confidential information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.   Steamatic has made reasonable efforts to maintain the secrecy of such confidential customer information.

101.     Defendants' conduct in willfully misappropriating the trade secrets of Steamatic by improperly acquiring, using, and disclosing such trade secrets in breach of a duty to maintain the secrecy of such trade secrets and return those trade secrets after their association with Steamatic had been terminated, is outrageous because of Defendants' evil motive and/or reckless indifference to the rights of others.

102.     Defendants' misappropriation of the trade secrets of Steamatic entitles Steamatic to injunctive relief and punitive damages.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.      from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.       from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.      from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and filed used or developed in the franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages, including punitive damages, against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

**COUNT VIII**
**(Conversion – Against Defendants JJF & C and James J. Finn)**

103.   Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

104.   Steamatic is the owner and is entitled to possess the confidential information it provided to Defendants pursuant to the Franchise Agreement.

105.   Steamatic terminated Defendants' association with it effective 90 days after Steamatic's April 14, 2016 letter.  Thus, Steamatic is entitled to the immediate possession of all of the confidential information it provided to Defendants during the time Defendants were associated with Steamatic.

106.   Defendants have failed to return all of the confidential information Steamatic provided to them with the intent to possess such information.

107.   Defendants have deprived Steamatic of the right to possess the confidential information Steamatic provided to Defendants.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.      from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.      from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.      from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and filed used or developed in the franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

<u>COUNT IX</u>
**(Trademark Infringement – Against Defendants JJF & C and James J. Finn)**

108.    Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

109.    Steamatic is the owner of legally protectable marks, such as the "STEAMATIC®" mark and other marks set forth in the Franchise Agreement and Exhibit A to the Franchise Agreement.

110.    In the Franchise Agreement, Defendant JJF & C was given the limited right to use Steamatic's marks in connection with their Steamatic franchise business in the Territory for the duration of the Franchise Agreement.

111.    Defendants are currently using the Steamatic marks as one of their website addresses, and they have failed to stop using the Steamatic marks since July 15, 2016.

112.    Defendants' use of the Steamatic marks does cause and is likely to cause confusion between Steamatic and Defendants' new business, St. Louis Cleaning and Restoration.

113.    Defendants' use of the Steamatic marks deceives customers about the affiliation, connection, or association of Defendants' new business to Steamatic.

114.    Defendants' unauthorized and continued use of Steamatic's marks and use of Steamatic's proprietary systems in connection with the sale and advertising of their new cleaning and restoration business inhibits Steamatic's ability to sell franchises in the Territory and causes direct financial injury to Steamatic.

115.    Defendants' use of the telephone numbers advertised under the Steamatic marks is also likely to cause confusion as to the sponsorship, affiliation, or authorization by Steamatic.

115.    Defendants intend to profit by using the Steamatic name and marks to divert customers from Steamatic to Defendants' website for their new company, St. Louis Cleaning and Restoration, so that the customers purchase services from Defendants and not Steamatic.

117.    Defendants have a bad faith intent to profit from Steamatic's name and marks, and Defendants are using the domain name www.steamaticstl.com to do so.

118.    Plaintiffs' use of the Steamatic Marks violates the Lanham Act, 15 U.S.C. § 1114.

119.    Steamatic's federal registration on the Principal Register of the Steamatic marks are conclusive evidence of the validity of the marks and Steamatic's ownership of the marks pursuant to the Lanham Act, 15 U.S.C. § 1115, *et seq.*

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.    from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.    from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to

the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.      from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and filed used or developed in the franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

**COUNT X**
**(Violation of the Anti-Cybersquatting Consumer Protection Act –**
**Against Defendants JJF & C and James J. Finn)**

120.    Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

121.    Steamatic owns legally protectable marks, such as the "STEAMATIC®" mark and other marks set forth in the Franchise Agreement and Exhibit A to the Franchise Agreement.

122.    Defendants are currently using the Steamatic marks as one of their website addresses, and they have failed to stop using the Steamatic marks since July 15, 2016.

123.    Defendants' use of the Steamatic marks does cause and is likely to cause confusion between Steamatic and Defendants' new business, St. Louis Cleaning and Restoration.

124.    Defendants' use of the Steamatic marks deceives customers about the affiliation, connection, or association of Defendants' new business to Steamatic.

125.    Defendants intend to profit by using the Steamatic name and marks to divert customers from Steamatic to Defendants' website for their new company, St. Louis Cleaning and Restoration, so that the customers purchase services from Defendants and not Steamatic.

126.    Defendants have a bad faith intent to profit from Steamatic's name and marks, and Defendants are using the domain name www.steamaticstl.com to do so.

127.    Defendants' use of the Steamatic Marks violates the AntiCybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.    from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.      from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.      from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and filed used or developed in the franchise business;

4.      from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.      from withholding assignment of telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT XI
**(Tortious Interference with Business Expectancy –
Against Defendants JJF & C and James J. Finn)**

128.    Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

129.    Steamatic franchisees perform certain cleaning and restoration services for various individuals and entities.

130.    In many instances, Steamatic has been servicing the same customers for a significant period of time.

131.    Defendants are aware that Steamatic has these business expectancies and relationships with its customers.

132.    Defendants intend to compete with Steamatic in violation of the Franchise Agreement.

133.    Defendants intend to cause a breach of those relationships Steamatic has or had with its customers.

134.    There is no justification for Defendants' blatant disregard and interference with Steamatic's business expectancies with its customers.

135.    Defendants' intentional interference with Steamatic's business expectancies with its customers has resulted in damages to Steamatic.

WHEREFORE, Steamatic respectfully prays that a temporary restraining order and preliminary and permanent injunction be entered enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

1.    from violating the Franchise Agreement between Steamatic and Defendant JJF & C, LLC, by either directly or indirectly owning, engaging in, or being employed by any business which is in the same or substantially the same business as the business that is the subject of the Franchise Agreement or which provides any services similar to Steamatic and is located in or provides services in the following Territory: In the state of Missouri: Independent City of St. Louis and the counties of St. Louis, Lincoln, Warren, St. Charles, Jefferson and Franklin; In the state of Illinois: Jersey, Madison, Clinton, St. Clair, and Monroe counties;

2.	from using the Steamatic Marks, which includes the registered mark "STEAMATIC"® and such other trademarks, service marks, and logos as listed in Exhibit A to the Franchise Agreement, and any marks that tend to be confusingly similar to those trademarks, service marks, and/or logos;

3.	from using and disclosing trade secret, proprietary, confidential and non-public information and materials acquired from Steamatic or by virtue of the operation of the Franchise Agreement, including, but not limited to, all client information and filed used or developed in the franchise business;

4.	from representing to the public (directly or by implication) that they are associated with Steamatic or remain an authorized Steamatic franchisee;

5.	from withholding assignment of telephone numbers for the franchise offices operated under the Franchise Agreements, and from using the website www.steamaticstl.com.

WHEREFORE, Steamatic also respectfully prays for damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT XII
**(Accounting – Against Defendants JJF & C and James J. Finn)**

136.	Steamatic repeats the allegations set forth in this Complaint and incorporates them by reference herein in their entirety.

137.	Defendants continued to use the Steamatic Marks and operate their franchise business after April 15, 2015.

138.	Defendant have failed to inform Steamatic of their revenues they generated using the Steamatic marks and operating their Steamatic franchise after April 15, 2016.

139.   The amount of revenue generated by Defendants from operating their Steamatic Franchise Business after April 15, 2015 is peculiarly within the knowledge of Defendants, and Steamatic requires an accounting of the amount of such revenues prior to ascertaining its complete damages as a result of Defendants' wrongful activities.

140.   Steamatic seeks an accounting of the unreported revenues generated by the Defendants' operation of their Steamatic franchise business after April 15, 2015, as well as an accounting of Defendants' competing business, St. Louis Cleaning and Restoration, subsequent to July 15, 2016.

WHEREFORE, Steamatic respectfully prays for (1) an accounting of Defendants' unreported gross revenues and royalty fees from sales made by Defendants' operation of the Steamatic franchise business after April 15, 2015, (2) an accounting of Defendants' gross revenues from their competing business, St. Louis Cleaning and Restoration, and (3) damages against Defendants in an amount to be determined at trial, plus pre-judgment and post-judgment interest on the amount awarded to Steamatic in this litigation, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

Dated: September 7, 2016                    GREENSFELDER, HEMKER, & GALE, P.C.


By:    /s/ David Simmons
       Dawn Johnson, E.D. Mo. 41991
       dmj@greensfelder.com
       David Simmons, E.D. Mo. 117372
       ds@greensfelder.com
       10 South Broadway, 20th Floor
       St. Louis, Missouri 63102
       Telephone:  (314) 241-9090
       Facsimile: (314) 345-5465

       *Attorneys for Plaintiff Steamatic, Inc.*

1619840

## **VERIFICATION**

STATE OF MISSOURI            )
                             ) ss.
CITY OF SAINT LOUIS          )

I, William R. Sims, of lawful age, and after being first duly sworn on oath, state that I am the Chairman of Steamatic, Inc., and that I have read the above and foregoing Verified Complaint for Damages and Injunctive Relief, and know the contents thereof, and that such allegations are true according to the best of my knowledge and belief.

_William R. Sims_

Subscribed and sworn to before me this _7th_ day of September, 2016.

_Karen L. Mienheartt_
Notary Public

My Commission Expires:

_____

KAREN L. MIENHEARTT
My Commission Expires
June 8, 2020
Jefferson County
Commission #12571427

36